Closed

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID V. OWENS<br><br>Plaintiff,<br><br>v.<br><br>MICHAELS STORES, INC. #2869;<br>PRISCELLA FRAZIER<br><br>Defendants. | Case No. 2:11-cv-10291-JFW-DTBx<br><br>[~~PROPOSED~~] ENTRY OF JUDGMENT<br><br>Complaint Filed: December 13, 2012<br>Trial Date:      March 26, 2013<br>Judge:           Hon. John F. Walter |

1     Defendants MICHAELS STORES, INC. (erroneously named as "MICHAELS
2 STORES, INC. #2869") and PRISCELLA FRAZIER (hereafter "Defendants")
3 Motion to Dismiss was decided in chambers of the Honorable John F. Walter on July
4 20, 2012.
5 The following decision was reached:
6     Defendants' Motion to Dismiss was GRANTED. The reasons for the Court's
7 Order granting the motion are set forth in the written order attached hereto as Exhibit
8 1.
9     Based on the attached Exhibit 1, IT IS HEREBY ORDERED that Plaintiff
10 recover nothing, and that the action be dismissed on the merits with prejudice.
11     IT IS SO ORDERED.

13 Dated: October 22, 2012          /s/
                                                      Hon. John F. Walter
                                                      United States District Court Judge

Case 2:11-cv-10291-JFW-DTB   Document 38   Filed 10/22/12   Page 3 of 7   Page ID #:313

**EXHIBIT 1**

UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 11-10291-JFW (DTBx)**                                Date: July 20, 2012

Title:   Ingrid V. Owens -v- Michaels Stores, Inc., et al.

---

**PRESENT:**

HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

Shannon Reilly                                    None Present
Courtroom Deputy                                  Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                      None

PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b) [filed 6/20/12]; Docket No. 28]

On June 20, 2012, Defendants Michaels Stores, Inc. (erroneously named as "Michaels Stores, Inc. #2869") ("Michaels") and Priscella Frazier ("Frazier") (collectively, "Defendants") filed a Motion to Dismiss Pursuant to F.R.C.P. 12(b) ("Motion"). On June 29, 2012, Plaintiff Ingrid V. Owens ("Plaintiff") filed her Opposition. On July 9, 2012, Defendants filed a Reply. On July 17, 2012, Plaintiff to file a Sur-Reply pursuant to the Court's Order. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for July 23, 2012 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

I.   **Factual and Procedural Background**

On December 23, 2011, Plaintiff filed her Complaint against Defendants, alleging claims for harassment and discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"). On May 8, 2012, Defendants filed a motion to dismiss, which the Court granted on May 31, 2012. In its Order, the Court granted Plaintiff leave to amend, and required Plaintiff to file her First Amended Complaint by June 8, 2012. On June 6, 2012, Plaintiff filed her First Amended Complaint. In her First Amended Complaint, Plaintiff does not allege any claims against Michaels, but alleges claims for "harassmentatention" and harassment against Frazier. In their Motion, Defendants seek to dismiss Plaintiff's First Amended Complaint in its entirety.

## II. Legal Standard

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.; Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III. Discussion

In her Opposition and Sur-Reply, which are at best extremely difficult to understand, Plaintiff again fails to challenge any of the substantive arguments made by Defendants in their Motion. For example, Plaintiff does not dispute that: (1) the First Amended Complaint does not specify whether her discrimination and harassment claims brought under Title VII are based upon her race, color, religion, sex, or national origin; (2) the First Amended Complaint fails to plead any claims against Michaels; and (3) Plaintiff cannot bring a claim under Title VII against an individual defendant such as Frazier. Instead, Plaintiff again improperly comments on settlement offers

made by Defendants and provides new facts and unauthenticated documents that appear to be irrelevant to Plaintiff's claims and that cannot be considered by the Court in ruling on Defendant's Motion.

Initially, the Court concludes that Plaintiff's First Amended Complaint must be dismissed because Frazier cannot be liable under Title VII as a matter of law, and the only two claims for relief alleged in Plaintiff's First Amended Complaint name Frazier as the sole defendant. *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995) (holding that there is no individual liability under Title VII); *Miller v. Maxwell's International, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993).

In addition, even if the two claims for relief were asserted against Michaels, Plaintiff's First Amended Complaint would still be subject to dismissal because Plaintiff has failed to state a viable claim for relief. Although it is unclear if Plaintiff's first claim for relief for "harassmentatention" is based on employment discrimination or harassment (and, thus, seemingly duplicative of her second claim for relief for harassment), her claim fails under either theory.

If the Court assumes Plaintiff's first claim for relief is for employment discrimination based upon a violation of Title VII[1], it fails as a matter of law because Title VII only prohibits employment discrimination based on race, color, religion, sex, or national origin, and Plaintiff does not allege that Defendants discriminated against her because of her race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a).

Moreover, even if Plaintiff had alleged that she was discriminated against because of her race, color, religion, sex, or national origin, she would still be required to allege that: (1) she was qualified for the position sought or was competently performing in the position held; (2) she suffered an adverse employment action; and (3) the action occurred under circumstances suggesting a discriminatory motive (*e.g.,* persons outside the protected class having equal or lesser qualifications were given more favorable treatment). *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253-54, (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). However, Plaintiff fails to alleged that she was performing competently in her position at Michaels in her First Amended Complaint. More importantly, Plaintiff fails to allege any facts or circumstances suggesting a discriminatory motive in her termination. *Williams v. Boeing Co.*, 517 F.3d 1120, 1131 (9th Cir. 2008) (holding that conclusory allegations of "racial discrimination" are insufficient); *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990) (allegations that plaintiff was "treated poorly on the job and harassed," was "required to work in places where prejudice existed," and was "denied opportunities to be promoted" were held insufficient to state a claim upon which relief may be granted.). In fact, although Plaintiff does allege that Frazier looked at her as if Frazier was mad at her, Plaintiff admits that she "do[es]n't know why" Frazier was mad at her. First Amended Complaint, ¶ 7.

If the Court assumes Plaintiff's first claim for relief is for harassment based upon a violation of Title VII, it fails as a matter of law because Plaintiff does not allege that she was harassed

---

[1] Plaintiff's First Amended Complaint discusses Title VII, but does not mention any other federal or state statutes.

because of her race, color, religion, sex, or national origin.[2] *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998). ("Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at "discriminat[ion] . . . because of . . . [a protected category]").

Furthermore, in order to state a claim for harassment under Title VII, Plaintiff must plead facts that demonstrate that her "workplace was permeated with discriminatory intimidation ... that was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." *Brooks v. City of San Mateo*, 229 F.3d 917, 921 (9th Cir. 2000); *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986). After a careful review of the First Amended Complaint, the Court has determined that there are no allegations regarding even a single statement made by Frazier or any other any employee of Michaels that could possibly give rise to liability. *See, e.g., Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir. 2003) (holding that "[s]imple teasing, offhand comments, and isolated incidents" do not support an action for harassment). Because Plaintiff has failed to state a claim for either employment discrimination or harassment under Title VII, the First Amended Complaint must be dismissed.

Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting Plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile."). "Leave to amend may be denied if a court determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quotations and citations omitted). In this case, Plaintiff has already had an opportunity to amend her Complaint and has failed to provide the Court with any facts or argument in her Opposition and Sur-Reply that indicate leave to amend would not be futile. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 717-718 (9th Cir. 2003) (upholding denial of leave to amend on the basis of futility where the plaintiffs proffered facts to the district court that were insufficient to support tolling and failed to offer additional facts on appeal). Accordingly, Plaintiff's First Amended Complaint is dismissed without leave to amend.

## IV.   Conclusion

For all the foregoing reasons, Defendants' Motion is **GRANTED**. Plaintiff's First Amended Complaint is **DISMISSED without leave to amend**, and this action is **DISMISSED with prejudice**.

IT IS SO ORDERED.

---

[2] Plaintiff's second claim for relief for harassment fails for the same reasons.